IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ADAM RAY, SPN #02902212 | § § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. H-25-1003 |
| WILVIN JAMAR CARTER, | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Christopher Adam Ray is a pretrial detainee at the Harris County Jail. Ray has filed a prisoner's civil-rights complaint under 42 U.S.C. § 1983 suing Wilvin Jamar Carter, the attorney who has been appointed to represent him in state criminal proceedings. (Docket Entry No. 1).

After screening the pleadings under 42 U.S.C. § 1997e, the court concludes that this case must be dismissed. The reasons are set out below.

**I.   Background**

Ray is presently in custody at the Harris County Jail as a pretrial detainee. Public records show that he has been charged in Cause No. 18570390 with arson of a habitation and in Cause No. 18731440 with criminal mischief.[1] Both cases are pending before the 180th District Court in Harris County.[2] The 180th District Court has appointed attorney Wilvin Jamar Carter to represent Ray in the pending criminal matters. (*See* Docket Entry No. 1 at 4).

---

[1] Ray's name or SPN number can be used to search the online criminal records on the Harris County Clerk's website, available at https://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited Mar. 17, 2025).

[2] *See id.*

Suing under 42 U.S.C. § 1983, Ray complains that Mr. Carter has not visited him in jail, has not called him, and has not shown up in court. (*See id.* at 4–5). As relief Ray states that he wants "the court to contact my criminal court, let them know my rights are being violated, and also notify my trial jury of this wrongdoing." (*Id.* at 4).

## II.     The Standard of Review

Because Ray is a prisoner who seeks relief under federal law, the Prison Litigation Reform Act requires the court to scrutinize the pleadings. The court must dismiss any part of the case that it determines is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under this standard, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

Generally, a court should give a plaintiff a chance to amend his complaint before dismissing the case. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) ("Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."). If it is clear that the defects are incurable, however, leave to amend need not be given. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Bazrowx*, 136 F.3d at 1054 (holding that a court

2

may *sua sponte* dismiss for failure to state a claim "as long as the procedure employed is fair") (cleaned up).

In reviewing the pleadings, the court is mindful that Ray represents himself. Courts construe self-represented litigants' pleadings under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even under this lenient standard, a self-represented plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft*, 556 U.S. at 678 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* No matter how well-pleaded the factual allegations may be, they must reveal that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stald*er, 105 F.3d 1059, 1061 (5th Cir. 1997).

### III.     Discussion

A claim under 42 U.S.C. § 1983 requires a constitutional violation that was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Lugar v. Edmundson Oil Co.*, 457 U.S. 922, 923 (1982). Criminal defense attorneys, even court-appointed ones, are not state actors for purposes of a suit under § 1983. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981) and *Mills v. Cr. Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)). Because Mr. Carter does not qualify as a state actor for purposes of liability under § 1983, Ray fails to state a claim upon which relief can be granted and his complaint must

3

be dismissed on that basis. *See Hudson*, 98 F.3d at 873. Ray should not be given an opportunity to amend his complaint because the circumstances that preclude relief cannot be cured by any amendment—in other words, any amendment would be futile because Mr. Carter is not a state actor for purposes of § 1983 liability.

### IV.     Conclusion

For the reasons stated above, the court orders that the civil action filed by Christopher Adam Ray is dismissed with prejudice pursuant to 42 U.S.C. § 1997e(c) for failure to state a claim upon which relief can be granted. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g). The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy to the Manager of the Three Strikes List at Three_Strikes@txs.uscourts.gov. Final judgment is entered separately.

SIGNED on April 3, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge